# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| ANTHONY CORDELL WILLIAMS, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-18-2785 |
| | § | |
| SHERIFF ED GONZALEZ, | § | |
| | § | |
| *Respondent*. | § | |

**MEMORANDUM OPINION AND ORDER**

Petitioner Anthony Cordell Williams, a/k/a Charles Mitchell, is a pre-revocation detainee in custody of the Harris County Sheriff's Office. Petitioner filed the pending lawsuit as a section 2241/2254 habeas petition challenging his current detention. After reviewing the pleadings under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court concludes that this case must be dismissed for failure to exhaust.

Petitioner is in custody under the name Charles Mitchell. He was arrested on or about July 11, 2018, pursuant to a "blue warrant" for violations of the terms of his parole arising from two 1990 convictions. Although his petition is difficult to follow, petitioner appears to challenge his underlying 1990 convictions, the alleged parole violations, his "blue warrant," arrest, and current detention. He further appears to seek a temporary restraining order or preliminary injunction to stay the parole revocation proceedings and for his immediate release from detention.

Petitioner's federal habeas challenges to his two 1990 state convictions were dismissed with prejudice as barred by limitations in 2007. *Williams v. Quarterman*, C.A. No. H-06-3308 (S.D. Tex. Apr. 30, 2007); *Williams v. Quarterman*, C.A. No. H-06-3490 (S.D. Tex. June 28, 2007). Accordingly, petitioner's current section 2254 challenges to these convictions are unauthorized successive claims. Because petitioner does not show that the Fifth Circuit Court of Appeals granted him leave to pursue these successive claims, the claims will be dismissed for lack of jurisdiction.

As to petitioner's habeas challenges to his pending parole violations, his "blue warrant," arrest, and current detention, petitioner does not show that he presented these claims to the Texas Court of Criminal Appeals, and the claims are unexhausted. Whether raised under section 2241 or 2254, the claims must first be presented to and adjudicated by the Texas Court of Criminal Appeals. *See* 28 U.S.C. § 2254(b); *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489–90 (1973); *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987). A petitioner may be excused from the exhaustion requirement only if he can show "exceptional circumstances of peculiar urgency." *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993). Absent such circumstances, a pretrial detainee may not adjudicate the merits of his constitutional claims before a judgment of conviction has been entered by a state court. *Braden*, 410 U.S. at 489. "Derailing of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court" is not allowed. *Id*.

at 493. No exceptional circumstances of peculiar urgency are shown in the instant case, and the petition will be dismissed without prejudice for failure to exhaust.

Because the Court is dismissing this lawsuit, petitioner's request for temporary relief is DISMISSED WITHOUT PREJUDICE AS MOOT. Even assuming the issue were properly before the Court, petitioner fails to meet his burden of proof. In order to obtain a preliminary injunction, the movant must establish that (1) there is a substantial likelihood of success on the merits of his claim, (2) there is a substantial threat he will suffer irreparable injury if the injunction is not granted, (3) the threatened injury outweighs the threatened harm to the defendant, and (4) granting the preliminary injunction will not disserve the public interest. *Speaks v. Kruse*, 445 F.3d 396, 399–400 (5th Cir. 2006). A preliminary injunction is an extraordinary remedy, and should be granted only if the movant clearly carries the burden of persuasion as to all these elements. *Guy Carpenter & Co., Inc. v. Provenzale*, 334 F.3d 459, 464 (5th Cir. 2003). Petitioner's conclusory assertions of constitutional violations satisfy none of these factors.

The petition for habeas relief is DISMISSED WITHOUT PREJUDICE for failure to exhaust. A certificate of appealability is DENIED.

Signed at Houston, Texas on September 7, 2018.

_____
Gray H. Miller
United States District Judge